plaintiff for the relief asked for in the complaint. We are of the opinion that the facts shown entitled plaintiff to the judgment asked. Findings of fact and conclusions of law contrary to this decision are reversed and new findings and conclusions will be made in accordance therewith. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur. Settle order on notice.

WILLIAM H. HORAN, Respondent, v. JOHN F. MACDONALD, Appellant.— Judgment unanimosuly affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Tompkins, JJ.

In the Matter of the Application of the HOME GUARDIAN COMPANY OF NEW YORK, Appellant, for an Order of Peremptory Mandamus against FRANCES T. CAREY, Tax Collector of the Town of Kent, Putnam County, New York, Impleaded with EDWARD D. STANNARD, County Treasurer of the County of Putnam, and MARIE R. HILBERT, Respondents.— Order, as resettled, amending and modifying order of mandamus unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ.

In the Matter of the Application of HANDLEY LEE, Respondent, for a Mandamus Order against WILLIAM F. QUIGLEY, Commissioner of Licenses of the City of New York, Appellant.— Peremptory mandamus order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper and Scudder, JJ., concur; Carswell, J., dissents and votes to modify so as to provide that an alternative mandamus order be granted.

In the Matter of the Petition of ETHEL MAYER and JACOB ROSENBERG, Appellants, for a Distribution of Unlawful Accumulations of Income from Trust Fund, under the Last Will and Testament of CHARLES ROSENBERG, Deceased. MORTON ROSENBERG and Others, Respondents. (Appeal No. 1.) — Order of the Surrogate's Court of Richmond county dated July 18, 1930, denying application of the petitioners to restrain the surviving trustees of Charles Rosenberg, deceased, from paying to themselves commissions upon income and requiring them to repay to the estate commissions theretofore paid on income affirmed, without costs. The record is too meager to pass upon the question whether or not, under section 285 of the Surrogate's Court Act,█ the trustees had the right to pay to themselves commissions upon income and upon accounts heretofore filed, or whether or not they should be required to repay such commissions as they may have paid to themselves. In the exercise of discretion the surrogate properly deferred passing upon these questions until the final account and the objections thereto are passed upon, at which time these questions can be disposed of. This course involves no hazard to these petitioners since if any payments have been improperly made in this particular, they may be the subject of a surcharge against these surviving trustees, who have a sufficiently large interest in the estate, under the will of the deceased, to enable an adequate surcharge to be made effective, should a surcharge eventually be made, the propriety of which need not now be considered. These petitioners, as has already been indicated in a companion appeal, should proceed to have their objections in all respects to the final accounts as filed passed upon and the matters herein sought to be litigated disposed of on the final accounting. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

In the Matter of the Petition of ETHEL MAYER, ROBERT ROSENBERG and JACOB

R_CSENBERG, Appellants, for a Distribution of Unlawful Accumulation of Income from Trust Fund, under the Last Will and Testament of CHARLES ROSENBERG, Deceased. MORTON ROSENBERG and Others, Respondents. (Appeal No. 2.) — Order of the Surrogate's Court of Richmond county dated September 10, 1930, denying petitioners' motion for a distribution of alleged income affirmed, with ten dollars costs and disbursements to respondents, payable by appellants personally. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ., concur.

GEORGE L. JOHNSON, Respondent, v. WILLIAM T. P. HOLLINGSWORTH and ROBERT L. KESTER, JR., Appellants. (Appeal No. 1.) — Order denying motion for judgment on the pleadings reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In deciding the case of *Bob* v. *Hollingsworth* (230 App. Div. 762), we sustained the order of the Special Term dismissing the complaint for the reason that the article complained of, taken in connection with all of the allegations of the complaint and the exhibits, which were made a part thereof, set forth statements that were true, and was not, therefore, a libelous article. We are of opinion that the complaint now before us is in all substantial and material respects the same as that in the *Bob Case* (*supra*). Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

GEORGE L. JOHNSON, Respondent, v. WILLIAM T. P. HOLLINGSWORTH, Appellant, and ROBERT L. KESTER, JR., Defendant. (Appeal No. 2.) — Order denying motion to vacate order of arrest reversed upon the law, with ten dollars costs, and motion granted. Our disposition of the motion for judgment on the pleadings (*ante*, p. 859) necessarily causes the order of arrest to fall. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

ELLA KALWITE, Respondent, v. NATIONAL LIBERTY INSURANCE COMPANY OF AMERICA, Appellant.— Appeal dismissed, with costs. (*Logan* v. *Guggenheim*, 230 N. Y. 19, 21; *Waldron* v. *City of Utica*, 228 App. Div. 37, 40.) Young, Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

ROSE T. LANGNER, by GITELE LEIFER, Her Guardian ad Litem, Appellant, v. IZAAK LANGNER, Respondent.— Judgment modified so as to provide that the dismissal of the complaint is without prejudice, and as so modified unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Scudder, JJ.

EDWARD LEVY, Appellant, v. SONATRON TUBE COMPANY, Respondent.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to abide the event. We are of opinion that there should be a new trial of this cause in the interests of justice. Lazansky, P. J., Kapper and Tompkins, JJ., concur; Hagarty and Scudder, JJ., dissent and vote to affirm.

GUISEPPA MANNINO, as Administratrix, etc., of JOSEPH MANNINO, Deceased, Respondent, v. RICHMOND HILL BUS LINE, INC., Defendant, and LUIGI BASILE, Appellant.— Order denying motion to set aside verdict as to defendant Basile and to grant a new trial reversed upon the law and the facts, with costs, and complaint dismissed, with costs. At the close of the plaintiff's case, there was no testimony showing or tending to show any negligence on the part of the appellant causing or contributing to the death of plaintiff's intestate, and in our opinion the appellant's motion for a nonsuit should have been granted. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

NEW YORK INVESTORS, INC., Respondent, v. F. B. & W. REALTY CORPORA-